IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                           **Case No. 99-40044-01-RDR**

CECIL W. CHANDLER, III,

        Defendant.

### O R D E R

This case is before the court upon defendant's _pro se_ motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). After a jury trial, on January 6, 2000 defendant was convicted of two counts of conspiracy to distribute in excess of 50 grams of cocaine base. He was sentenced to concurrent terms of 360 months in prison. Defendant contends that his sentence should be reduced because the Sentencing Guidelines have been amended to reduce the severity of punishment for crack cocaine offenses.

Based upon a finding that one kilogram of cocaine base should be attributed to defendant as part of the offenses in this case, the presentence report concluded that defendant's base offense level was 36. The court rejected defendant's challenges to the base offense level. The base offense level was enhanced by four levels upon the finding that defendant was a leader/organizer within the conspiracy. Thus, the total offense level for defendant was 40. Defendant had a criminal history category of VI. This

produced a guideline range of 360 months to life. Obviously, defendant was sentenced to the bottom of that range.

Defendant's motion rests upon 18 U.S.C. § 3582(c)(2) which provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment <u>based on a sentencing range that has subsequently been lowered by the Sentencing Commission</u> pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(Emphasis added).

The government contends that defendant's motion must fail on the grounds that the changes to the Guidelines have not resulted in lowering the sentencing range in defendant's case. This position is consistent with § 1B1.10(a)(2) of the Sentencing Guidelines which stipulates that a reduction in a defendant's term of imprisonment is not consistent with the policy statements of the Sentencing Commission and not authorized under § 3582(c)(2) if the amendment to the Guidelines "does not have the effect of lowering the defendant's applicable guideline range."

Under the Sentencing Guidelines' amended drug quantity table, a drug offense involving 1 kilogram of cocaine base produces a base offense level of 34. U.S.S.G. § 2D1.1 (11/1/2011). If the base offense level is enhanced by four levels because of defendant's role as a leader/organizer, then the total offense level is 38.

The guideline range for a person with a total offense level of 38 and the criminal history category of VI is 360 months to life. This is the same guideline range that defendant faced during his original sentencing hearing.

In summary, the guideline range in defendant's case has not been changed in spite of the amendments to the sentencing laws governing crack cocaine offenses. Therefore, the court does not have the authority to reduce defendant's sentence under § 3582(c)(2). See, e.g., U.S. v. Sharkey, 543 F.3d 1236, 1239 (10th Cir. 2008) (where an amendment to the Guidelines had no effect upon the defendant's guideline range, neither § 3582(c)(2) nor the Booker line of cases provides grounds to modify the sentence); see also, Dillon v. U.S., 130 S.Ct. 2683 (2010) (U.S. v. Booker, 543 U.S. 220 (2005) does not apply to sentence modification proceedings under § 3582(c)(2)).

The court applauds the vocational and educational progress defendant has made while in prison. It appears that defendant has prepared himself to be a productive member of society. Unfortunately, the provisions of § 3582(c)(2) do not provide the court with the authority to modify defendant's sentence.

Defendant's motion is denied.

**IT IS SO ORDERED.**

Dated this 10th day of January, 2012 at Topeka, Kansas.

                         s/Richard D. Rogers
                         United States District Judge